**Mary C. SMITH et al., Appellants,**

v.

**T. W. PARIS et al., Appellees.**

No. 24250.

United States Court of Appeals Fifth Circuit.

Dec. 18, 1967.

Fred D. Gray, Montgomery, Ala., Henry M. Aronson, Charles H. Jones, Jr., Jack Greenberg, Charles Stephen Ralston, Conrad K. Harper, New York City, for appellants.

Preston C. Clayton, Eufaula, Ala., for appellees.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Upon consideration, we find ouselves in full agreement with the opinion and judgment of the district court reported in 257 F.Supp. 901, et seq., with one modification.

The applicable State statute provides:

"§ 342. *County executive committee may require that members be elected.*—The county executive committee of any political party of any county in this state may, by a majority vote of said committee, require that members

---

of said committee be elected by the qualified electors of such political party. When such committee adopts a resolution requiring that such members be so elected, candidates for membership on said committee shall file their declaration of candidacy as other state and county officers in the primary election to be held by such political party." Ala.Code, Tit. 17, § 342.

There appears to be no law prescribing the terms of office of such committee members. The appellants' brief states that, "Since elections to the Executive Committee are spaced four years apart (Deposition of T. W. Paris, 26, 27), absent a special election, the next election will not take place until 1970." The appellees respond: "The statement on page 11 of Appellants' brief, 'new elections in Barbour County for Committeemen will not take place until 1970,' is not supported by the evidence, which will be apparent from a careful reading of the deposition of T. W. Parish (sic) on pages 26 & 27." We find nothing in the evidence from which to determine whether elec-

tions to the Barbour County Democratic Executive Committee are spaced four years apart or two years apart.

Beginning in 1940, regular primary elections are held in Alabama on the first Tuesday in May every two years. Code of Ala.1940, Tit. 17, § 340. There is no reason to delay beyond 1968 the relief to which the district court held the plaintiffs (appellants) entitled. See Watson v. City of Memphis, 1963, 373 U.S. 526, 532, 533, 83 S.Ct. 1314, 10 L.Ed.2d 529. To remove any uncertainty, there is added to the judgment of the district court the following: "The present terms of office of members of the Barbour County Democratic Executive Committee shall expire immediately after the results of the primary election to be held in said County on the first Tuesday in May 1968 have been ascertained and declared." As so modified, the judgment is affirmed. The costs of this appeal shall be taxed equally against the appellants and the appellees.

Modified and affirmed.